# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-75-FDW

| | |
|---|---|
| **SHAWN GERMAINE FRALEY,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )<br>)  **ORDER**<br>) |
| **JOHN DOE, et al.,** | )<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On May 18, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

### I.    BACKGROUND

Pro se Plaintiff Shawn Germaine Fraley is a prisoner of the State of North Carolina, currently incarcerated at Lanesboro Correctional Institution, in Polkton, North Carolina. Plaintiff filed this action on April 28, 2017, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) John Doe, identified as an officer at Alexander Correctional Institution at all relevant times; (2) FNU Johnson, identified as a lieutenant at Alexander at all relevant times; and (3) FNU Goins, identified as a sergeant at Alexander at all relevant times.

Plaintiff alleges in the Complaint that on December 22, 2016, while he was incarcerated at Alexander, Defendant officer John Doe assaulted Plaintiff near the dining hall. Plaintiff alleges

1

that the remaining Defendants observed the excessive force by Defendant John Doe, but they did nothing to intervene to stop the assault. (Doc. No. 1 at 3-4). Plaintiff alleges that the incident was caught on video camera. Plaintiff alleges that he suffered from "physical injur[ies]" as a result of the alleged assault, including "severe pain" in his "left foot area." (Id. at 4). Plaintiff purports to allege an Eighth Amendment claim for excessive force against Defendant John Doe and an Eighth Amendment claim against the remaining Defendants for failure to intervene. As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

First, as to Plaintiff's excessive force claim against Defendant John Doe, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

3

Id. at 1178-79 (citations omitted).

Next, as to Plaintiff's claims against the remaining Defendants based on failure to intervene to stop the alleged excessive force by Defendant John Doe, law enforcement officials may be held liable in Section 1983 actions in which the officials "fail[] or refuse[] to intervene when a constitutional violation such as an unprovoked beating takes place in [their] presence." Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998); see also Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). To succeed on a theory of what is sometimes called "bystander liability," a plaintiff must show that the defendant police officer: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. Randall v. Prince George's Cnty., 302 F.3d 188, 204 (4th Cir. 2002).

The Court finds that, taking as true Plaintiff's allegations, and construing all inferences in his favor, Plaintiff's claims against Defendants survive initial review in that they are not clearly frivolous.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's claims survive initial review under 28 U.S.C. § 1915.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants. See 28 U.S.C. §§ 1915(e); 1915A.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the

summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

3. Within ten (10) days, prison officials at Alexander Correctional Institution are, to the best of their ability, required to identify the "John Doe" Defendant who allegedly assaulted Plaintiff and provide the name of that person to Plaintiff so that he can submit a summons for service to be made on that individual.

4. The Clerk is instructed to mail this Order to the attention of the Superintendent at Alexander Correctional Institution.

Signed: June 24, 2017

*[signature]*

Frank D. Whitney
Chief United States District Judge