UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-75-FDW

| | |
|---|---|
| SHAWN GERMAINE FRALEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFERY CLAWSON, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendants William N. Johnson, Dustin Goins, and Jeffrey Clawson. (Doc. No. 43).

## I. BACKGROUND

A. Procedural Background

Plaintiff Shawn Germaine Fraley is a North Carolina inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed his Complaint on April 28, 2017, naming as Defendants Jeffery Clawson, William Johnson, and Dustin Goins, all alleged to be correctional officers at Alexander Correctional Institution at all relevant times. Plaintiff alleged that on December 22, 2016, while he was housed at Alexander, Defendant Jeffrey Clawson assaulted Plaintiff after Plaintiff left the chow hall and was ordered to stand at the wall for a pat-down search. Specifically, Plaintiff alleged that, during a pat-down while Plaintiff was standing against the wall, Defendant Jeffrey Clawson kicked him, injuring his left foot, and Defendants Johnson and Goins did not intervene to try and stop the assault. Plaintiff

1

brings an Eighth Amendment excessive force claim against Defendant Clawson, and he brings an Eighth Amendment failure-to-intervene claim against Defendants Johnson and Goins. Plaintiff requests declaratory and injunctive relief and compensatory damages.

Defendants Clawson, Johnson, and Goins filed the pending summary judgment motion on May 21, 2018. Attached to Defendants' Appendix/Index is the affidavit of Alexander Correctional Lieutenant III Chad Clifton (not a party), with attached Exhibits A through C; the affidavit of Defendant William N. Johnson; Exhibit 1 – Defendant Clawson's Responses to Plaintiff's First Set of Interrogatories; and Exhibit 2 - <u>Floria v. Franklin County Jail</u>, 2011 U.S. Dist. LEXIS 100711 (4th Cir. Sept. 7, 2011). <u>See</u> (Doc. Nos. 45-1, 45-2, 45-3, 45-4).

On May 29, 2018, this Court entered an order in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the motion for summary judgment and of the manner in which evidence could be submitted to the Court. (Doc. No. 46). Plaintiff responded to the summary judgment motion on June 8, 2018. (Doc. No. 47). Thus, this matter is ripe for disposition.

    B.    <u>Factual Background</u>

    1.    <u>The Alleged Excessive Force Incident and the Summary Judgment Evidence</u>

    a.    <u>Plaintiff's Allegations</u>

Plaintiff alleges in his Complaint that on December 22, 2016, while he was incarcerated at Alexander, Defendant Clawson assaulted him near the dining hall. Plaintiff further alleges that Defendants Johnson and Goins observed the excessive force by Defendant Clawson, but they did nothing to intervene to stop the assault, resulting in Plaintiff suffering from severe pain in his left foot in violation of his federal constitutional rights.

    b.    <u>Defendants' Summary Judgment Materials</u>

Defendants' summary judgment materials show that on December 22, 2016, Defendant Clawson assisted with a pat-down search of Plaintiff. Plaintiff became upset when Defendant Clawson began to pat/frisk him. (Doc. No. 45-3 at 2). Defendant Clawson ordered Plaintiff to widen his legs during this search for Clawson's and the other officers' safety. (Id.). Plaintiff twice refused Defendant Clawson's direct orders to spread his feet apart. (Id.).

Defendant Clawson tapped Plaintiff's foot on the inside of his foot to widen his stance. (Id.). The pat/frisk was then completed. At no time did Defendant Clawson kick Plaintiff. Plaintiff did not complain at that time that Defendant Clawson used excessive force in conducting the pat-down search, nor did Plaintiff complain that Defendant Clawson injured his ankle during the pat-down search. (Id.). Plaintiff walked away without limping or making any complaints to the correctional staff who were present. (Id.; Ex. B attached to Clifton Affidavit at Bates-stamped page 008).

At the time of the incident, Defendant Johnson was the Officer in Charge ("OIC"). (Doc. No. 45-2 at ¶ 6; Ex. B attached to Clifton Affidavit at Bates-stamped page 010). Plaintiff did not report any use of force to Defendant Johnson, nor did any staff member report any use of force to Defendant Johnson, nor did Defendant Johnson observe any use of force. (Id.). According to NCDPS policies and procedures, after any use of force, officers involved in use of force must verbally report the incident to the OIC as soon as possible. (Doc. No. 45-1 at ¶ 7). The OIC then appoints an investigating officer, who reviews the reporting officer's report; obtains witness statements, the inmate's statement, and a statement from medical staff; and reviews any video of the incident. (Id. at ¶ 7, Ex. A attached to Clifton Affidavit at 11-12). Typically, the investigator of the use of force incident is not directly involved in the incident, which maintains the investigation's integrity. (Id.).

3

On December 25, 2016, Correctional Sergeant Ronald Coley reported that he received a grievance from Plaintiff in which he alleged a use of force. (Id., Ex. B to Clinton Aff. at Bates-stamped p. 004). Correctional Lieutenant III, Chad Clifton, was assigned as the investigating officer for the incident. (Doc. No. 45-1 at ¶ 9). Clifton obtained witness statements from Correctional Sergeant Coley, Correctional Officer Christopher Caldwell, Defendants Johnson and Clawson, and Nurse Mary Stikeleather. (Id. at ¶ 11). Clifton concluded in his report that staff had followed Alexander's standard operating procedures related to operational searches and that correctional staff properly handled the incident. (Id. at ¶ 15). Clifton found that no further action was required. (Id.).

The Court has observed the surveillance video, and makes the following findings: At 5:04:00 pm, Plaintiff is visible in the hallway, and he is wearing a knit cap. The officers in the hallway are conducting random searches of inmates as the inmates are returning from the chow hall. Defendant Goins is the officer standing just to the right of the door marked P4 Classroom. Standing next to Defendant Goins is Officer Caldwell. Defendant Clawson is the next officer to the right of Officer Caldwell, and Defendant Johnson is the officer standing with his left foot on the yellow line painted on the floor.

At 5:04:01 pm., Officer Caldwell is seen motioning/ordering Plaintiff to come over to the wall to be searched. At 5:04:16 pm., Officer Caldwell is standing behind Plaintiff, who has his hands against the wall. It appears that Officer Caldwell is instructing Plaintiff to spread his legs. Defendant Goins is standing by the P4 Classroom door and Defendant Clawson is moving into position to the left of Officer Caldwell and behind Plaintiff to assist with conducting the pat down search. At 5:04:19 pm., Officer Caldwell and Defendant Clawson are still attempting to get Plaintiff to comply with their orders to spread his legs. From 5:04:29 to 5:04:33 pm.,

4

Plaintiff still has not spread his legs as ordered and now Defendant Clawson has moved directly behind Plaintiff.

Defendant Clawson places his right foot inside Plaintiff's left foot and spreads Plaintiff's legs since he continues to be non-compliant. At 5:04:46 pm., Officer Caldwell is completing the pat-down search of Plaintiff, and Defendant Clawson has his hand on Plaintiff's back, assisting Officer Caldwell in conducting the pat-down search. At 5:04:52 pm., the pat-down search has been completed, and Plaintiff has removed his hands from the wall and is walking down the hallway.

## II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Id. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. Id. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. Anderson,

477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Further, Rule 56 provides, in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, the non-movant must show the existence of a factual dispute on every essential element of his claim.

### III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted,

6

and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21.  Furthermore, although the lack of serious injury may be considered a factor in the excessive force analysis, the fact that the prisoner suffered only minor injuries is not dispositive in an excessive force claim.  See Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Applying the Whitley factors to the summary judgment evidence, the Court finds that Defendants are entitled to summary judgment.  Defendants' summary judgment materials show that, at the time of the incident, Defendant Clawson ordered Plaintiff to widen his legs during the pat-down search for Clawson's and the other officers' safety.  Plaintiff twice refused Defendant Clawson's direct orders to spread his feet apart.  Defendant Clawson then tapped Plaintiff's foot on the inside of his foot to widen his stance.  The pat/frisk was then completed.  At no time did Defendant Clawson kick Plaintiff.  Plaintiff did not complain at that time that Defendant Clawson had allegedly used excessive force in conducting the pat-down search, nor did Plaintiff complain that Defendant Clawson had injured his ankle during the pat-down search.  Plaintiff walked away without limping or making any complaints to the correctional staff that were present.  In sum, the summary judgment evidence shows that the conduct by Defendant Clawson, in tapping Plaintiff's foot to make his widen his stance, was made in a good-faith attempt to restore order and discipline, and not with a malicious and sadistic intent to cause harm.

The surveillance footage does not support Plaintiff's allegation that Defendant Clawson forcefully kicked him.  The video surveillance footage is exceptionally clear, and it simply does not show any use of force by Defendant Clawson, and it supports the correctional staffs' witness statements of the incident.  At most, the video shows that Defendant Clawson merely tapped Plaintiff's foot to get him to widen his stance.

Plaintiff submitted a grievance related to the alleged incident on December 25, 2016. Plaintiff was seen in main medical on December 25, 2016, and photos were taken of the alleged injury. (Doc. No. 45-1 at ¶ 14, Ex. B to Clifton Aff. at Bates-stamped p. 004). Nurse Stikeleather assessed Plaintiff for his alleged injuries. (Ex. Ex. B to Clifton Aff. at Bates-stamped p. 005). Nurse Stikeleather noted in her examination that Plaintiff was not observed guarding his left ankle; did not walk with a limp or abnormality to his gait; had no redness, swelling, or deformity, and was able to bear his weight on his left foot without any observed difficulty. (Exhibit B attached to the Affidavit of Chad Clifton at Bates-stamped pages 005, 011, 013-015). Nurse Stikeleather treated Plaintiff with an ace bandage and Iboprofen "per nursing protocol." (Id. at Bates-stamped page 015). Although minimal injury is not dispositive in an excessive force claim, the Court may consider it as a factor in assessing whether excessive force was used. See Wilkins, 559 U.S. at 38. Here, the medial evidence showed little to no injuries following the incident.

In opposing the summary judgment motion, Plaintiff has not come forward with evidence from which reasonable jurors could find that his alleged injuries were the result of malicious and sadistic conduct by Defendant Clawson, rather than as a part of a good-faith effort to maintain discipline and staff safety while Clawson assisted in a routine pat-down search of Plaintiff. Plaintiff argues that Clawson kicked him viciously, that Plaintiff was limping when he walked away, that he sustained injuries to his foot, and that he still suffers from these injuries. The competent evidence on summary judgment, however, including the surveillance video footage, shows that there was simply no force used against Plaintiff. Thus, Defendant Clawson is entitled to summary judgment as to Plaintiff's claim against him for excessive force. Furthermore, because there is no genuine issue of material dispute as to whether Defendant

Clawson used excessive force against Plaintiff, Defendants Goins and Johnson are also entitled to summary judgment as to Plaintiff's claim against them for failure to intervene. See Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (stating that prison correctional officers may be held directly liable under Section 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence).

In sum, Defendants are entitled to summary judgment.[1]

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Summary Judgment, (Doc. No. 43), is **GRANTED**.

2. This action is dismissed with prejudice.

3. The Clerk is directed to terminate this action.

Signed: October 29, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] Defendants also raised qualified immunity as a defense to Plaintiff's excessive force claim. Because the Court has determined that there was no constitutional violation in the first instance, the Court does not need to determine whether Defendants are entitled to qualified immunity.