UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-75-FDW

| | |
|---|---|
| SHAWN GERMAINE FRALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JEFFERY CLAWSON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on pro se Plaintiff's Motion to Alter or Amend Judgment, (Doc. No. 50).

This Court previously granted summary judgment to Defendants as to Plaintiff's claims against them under 42 U.S.C. § 1983, for excessive for force and failure-to-intervene. (Doc. No. 48). On November 9, 2018, Plaintiff filed the pending motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the

1

circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

This Court will deny Plaintiff's motion, as he has not presented any grounds that would justify relief under Rule 59. Rather, he merely argues, in conclusory fashion, that genuine issues of fact exist and that the matter should go to trial.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, (Doc. No. 50), is **DENIED**.

Signed: December 7, 2018

Frank D. Whitney
Chief United States District Judge